[No. 14010.   Department One. — January 4, 1891.]

## MARY COFFEY, RESPONDENT, *v.* THE GRAND COUNCIL, APPELLANT.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT—SETTLEMENT OF STATE-
MENT.— An appeal from the judgment will be dismissed for failure to
file the transcript within the time limited therefor, notwithstanding a
statement on motion for new trial which appellant intends to use on
the appeal remains unsettled, if it appears that the judge has properly
refused to settle the statement, and that there can be no statement on
appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion, and in the opinion upon the application for a writ of mandate in the same case, *ante*, p. 367.

*W. F. Stafford*, for Appellant.

*Oscar T. Schuck*, and *H. H. Reid*, for Respondent.

PATERSON, J. — This is a motion to dismiss the appeal for failure to file the transcript. The certificate of the clerk makes a *prima facie* case in favor of the moving party, but appellant claims that there is a statement on motion for a new trial which remains unsettled by the judge of the court below, and which he intends to use on appeal.

The judge of the court below, after repeated hearings on appellant's application to settle the statement, has refused to certify to it, on the ground that it has lost its right to a statement by its failure to present the same to him for settlement. An application was made to this court in Bank for a writ requiring the judge to settle the statement, and the petition has been denied. The facts shown there (*Coffey* v. *Grand Council, ante*, p. 367) are the same as the facts here.

If we assume that the judge had the power in his discretion to settle the statement after February 10th, it still appears that after repeated applications he has refused to settle the statement, and we must assume that he will continue to do so, and that there can therefore be no statement on appeal.

The appeal is dismissed.

WORKS, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.